# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| **Mack Industries, Ltd., et al.,** | ) | Chapter 7 |
| | ) | |
| Debtors, | ) | Bankruptcy No. 17-09308 |
| | ) | (Jointly Administered) |
| _____ | ) | |
| **Ronald R. Peterson, as chapter** | ) | Honorable Carol A. Doyle |
| **7 trustee for Mack Industries, Ltd. and** | ) | |
| **and Ronald R. Peterson, as chapter 7** | ) | |
| **trustee for Oak Park Avenue** | ) | |
| **Realty, Ltd.,** | ) | |
| | ) | Adversary No. 19-00433 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Jan McLean, Gordon McLean and, | ) | |
| Gorjan 2, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Richard A. Duffin
Sean B. Dore
Duffin & Dore, LLC
1900 Ravinia Place
Orland Park, IL 60462
Tel: 312-566-0911
Fax: 312-566-0913
sean@duffindorelaw.com

## BACKGROUND

1. The Debtors Mack Industries, Ltd., et al., ("Mack Ltd.") and its related entities were engaged in the business of real estate investment, development and property management.

2. Debtor Mack Property Group, Ltd., ("MPG"), an affiliate of Mack Ltd., was the designated property management company.

3. The Defendants Jan McLean, Gordon McLean and Gorjan 2, LLC ("McLeans") purchased two homes in arm's-length transactions from the Debtor Mack Industries, Ltd on or about December 2012. Copies of the aforementioned sales contracts are attached and incorporated as Composite Exhibit "A".

4. Debtor MPG was hired by the McLeans on or about January 2013 to perform property managerial tasks including, but not limited to, the collection of rental payments from the McLean's tenants occupying the McLean's properties.  Copies of the property management agreements are attached and incorporated as Composite Exhibit "B".

5. The McLean's tenant(s) would make monthly rental payments in the amounts of $$1525.00 and $1525.00 for the properties to MPG.

6. MPG had a fiduciary duty to hold the collected rental monies in trust and was required to transfer the said monies collected to the McLeans.

7. MPG was compensated $85.00 per month, per property, for performing property management tasks.

8. The Debtor(s) apparently usurped rental monies belonging to the McLeans for improper purposes as the McLeans did not receive certain rental payments and/or security deposits. See attached declaration from the Defendants marked as Exhibit "C".

9. The Trustee filed the instant action seeking to avoid and recover any transfers by the Debtors to the McLeans over the past ten years. The Complaint contains little more than generic allegations and legal conclusions, which, under Supreme Court precedent, are insufficient to survive a motion to dismiss. The Trustee has done little more than plug a few numbers into a form complaint and attach a computer-generated spreadsheet of all payments allegedly sent to the McLeans prior to the petition date. Form complaints, like the Complaint at issue here, are unacceptable and must be dismissed with prejudice.

10. Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, Defendants Jan McLean, Gordon McLean and Gorjan 2, LLC, by and through their undersigned counsel, respectfully submits this brief in support of McLean's Motion to Dismiss the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § § 544, 547, 548 and 550, 740 ILCS 160/5(a)(2), 6(a), 8(a), 5(a)(1) and to Disallow Claims Pursuant to 11 U.S.C. § 502, and in support thereof, states as follows:

## SUMMARY OF ARGUMENT

11. The Trustee's threadbare complaint fails to state *any* "grounds upon which relief may be granted" for his avoidance actions. Fed. R. Civ. P. 8(a)(2) (as incorporated by Fed. R. Bankr. P. 7008).

12. The Trustee's complaint consists of little more than a restatement of the statutory elements for a preference action under 11 U.S.C. § 547 and a fraudulent-transfer actions under state and federal law.

13. The Trustee purports to assert these claims for the benefit of Mack's and MPG's creditors --- the individuals and businesses Mack and MPG defrauded and now the Trustee sues. However, the Defendant will be worse off if the Trustee's lawsuit continues.

14. In the event the Trustee is successful, recoveries will likely be re-routed back to the Defendant minus a surcharge for the Trustee's efforts. The Trustee's claims do not make any sense.

15. The Complaint fails to allege sufficient facts to support each *prima facie* element of a preference claim pursuant to section 547(b).

16. The Complaint fails even to provide facts supporting an antecedent debt, as required pursuant to section 547(b)(2).

17. The Complaint does not allege any facts that support that the McLeans provided goods to the above-captioned debtors (the "Debtors") in advance of each alleged transfer (hereinafter "Alleged Transfer") or that any of the Debtors owed any pre-existing debt to the McLeans at the time each Alleged Transfer was made.

18. Additionally, the Complaint offers no information regarding the transferee of each Alleged Transfer and no facts to explain how each Alleged Transfer was made to or for the benefit of the McLeans.

19. The complaint suffers from a fatal fundamental flaw. The Trustee has not and cannot prove Mack Ltd. and MPG owned or had an interest in the transferred property.

20. At best, the Trustee can establish the transfer of property were being held in trust. This alone is fatal to the complaint.

21. The Trustee asserts fraudulent transfer claims against the Defendants. He claims the transfers were made with an actual intent to delay, hinder or defraud creditors or were constructively fraudulent.

22. The Trustee, however, has failed to state a claim with respect to either theory under either federal or Illinois law.

23. The constructive fraud claims asserted under section 548 and 544 likewise contain no facts to support a *prima facie* case.

24. For example, the facts alleged in the Complaint do not allow the Court to draw reasonable inferences as to how the McLeans, property owners and landlords, failed to provide reasonably equivalent value for each Alleged Transfer. Rather, the McLeans are left to guess as to the facts giving rise to this cause of action.

25. The Complaint fails to allege any facts with respect to the insolvency elements except for a recitation of the statutory elements.

26. The barebones complaint should be dismissed for failure to state a claim upon which relief may be granted.

## ARGUMENT

### I. The Complaint Should be Dismissed in its Entirety Pursuant to Rule 12(b)(6), 9(b) and the Supreme Court's Decision in *Trombly* and *Iqbal* for Failure to Comply with Applicable Pleading Standards

27. The Court should dismiss the Complaint because it fails "to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6); Bankruptcy Rule 7012.

28. The Rule 12(b)(6) portion of this Motion to Dismiss challenges the legal feasibility of the Complaint, and "[t]o survive a motion to dismiss, **a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"** *Ashcroft v. Iqbal,* --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added).[1]

29. This "plausible on its face" standard, as established by the Supreme Court in *Twombly* and *Iqbal*, is more rigorous than previous pleading standards applicable in federal courts,

---

[1] The Supreme Court held that this rule applies "in all civil actions and proceedings in the United States district courts." *Iqbal*, 129 S. Ct. at 1953.

and the Supreme Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *see Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

30. While well-pleaded factual allegations are taken as true at this stage of a suit, legal conclusions are not entitled to such a presumption. *Iqbal*, 120 S. Ct. at 1949.

31. To comply with Supreme Court and Seventh Circuit requirements, the Complaint here must contain adequate factual allegations establishing a facially plausible claim and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

32. As the Seventh Circuit has stated, "We understand the Court in *Iqbal* to be admonishing those plaintiffs who merely parrot the statutory language of the claims they are pleading … rather than providing some specific facts to ground those legal claims, that they must do more." *Brooks*, 578 F.3d at 581.

33. Consequently, numerous bankruptcy courts have applied the *Twombly/Iqbal* standard as the basis for dismissing adversary proceedings for failure to plead adequate facts and for merely setting out a formulaic recitation of statutory elements. *See, e.g., Mervyn's LLC v. Lubert-Adler Group IV LLC (In re Mervyn's Holding LLC)*, 426 B.R. 96, 106 (Bankr. D. Del. 2010) (dismissing a preference and fraudulent transfer complaint based in part on unsupported "blanket assertions" contained therein); *Official Comm. Of Unsecured Creditors v. Blomen (In re Hydrogen LLC)*, 431 B.R. 337, 355 (Bankr. S.D.N.Y. 2010) (dismissing a preference complaint because it did not include relevant facts such as "date, amount, or type of transfer").

34. Not surprisingly, many of these dismissals are in the context of avoidance actions like this one involving a complaint that simply recite the statutory elements, accompanied by legal conclusions and inadequate facts, like the Complaint.

35. The case law based on the Supreme Court's *Twombly* and *Iqbal* opinions requires that at a minimum, complaints (i) identify the transferor(s) involved in making allegedly avoidable transfers, see *Angell v. BER Care Inc. (In re Caremerica Inc.)*, 409 B.R. 737, 751 (Bankr. E.D.N.C. 2009); *Feltman v. Keybank N.A. (In re Levitt and Sons, LLC),* No. 09-2273-BKC-RBR-A, 2010 WL 1539878, at *2 (Bankr. S.D. Fla. April 16, 2010); (ii) provide relevant detail regarding the date, amount and identity of the alleged transfers, *see In re Hydrogen*, 431 B.R. at 355; and (iii) identify a specific antecedent debt owed by the debtor to the defendant at the time of the transfer, *see id*.

36. Even a cursory read of the present Complaint reveals that it fundamentally fails to meet the aforementioned legal requirements.

37. In addition to the foregoing general pleading requirements, the Trustee was required to plead with particularity, any cause of action to avoid fraudulent transfers in property, in accordance with the requirements of Federal Rule of Civil Procedure 9(b). *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1079 (7th Cir. 1007); *Marwil v. Oncale (In re Life Fund 5.1 LLC),* No. 10-A-42, 2010 WL 2650024, at *3 (Bankr. N.D. Ill. June 30, 2010) (holding that Rule 9(b)'s requirements apply whether a claim is based on actual or constructive fraud under Bankruptcy Code section 548). Rule 9(b) requires that all "circumstances constituting fraud" must be plead with particularity. FED. R. CIV. PROC. 9(b). [2]

---

[2] Under this more rigorous standard, a complaint must allege (i) what or how much was transferred; (ii) when each transfer was made; (iii) how it was made; (iv) who made it; (v) who received it; and (vi) under what circumstances. *See Katz v. Household Int'l, Inc.*, 91 F.3d 1036, 1040 (7th Cir. 1996).

7

38. Although the Complaint seeks to allege a claim for fraudulent transfers, it fundamentally fails to allege any of the facts necessary to support this claim, let alone allege them with the required particularity. The Complaint should be dismissed in its entirety.

**II. The Complaint Should be Dismissed in its Entirety Because the Trustee Failed to and is Unable to Allege the Debtors Transferred Any Property of the Estate**

39. The Trustee seeks to avoid alleged preferences under Section 547(b) and fraudulent transfers under Sections 544(b) and 548 of the Bankruptcy Code.

40. To state a claim under any of these theories, the Trustee must allege facts to establish each transfer he seeks to avoid involved "an interest of the debtor in property." 11 U.S.C. SS 544(b)(1), 547(b), 548(a)(1).

41. A transfer of "an interest of the debtor in property" occurs where the transfer deprives the bankruptcy estate of resources that otherwise would have been used to satisfy the claims of creditors. *Begier v. IRS*, 496 U.S. 53, 58-59 (1990) ("Of course, if the debtor transfers property that would not have been available for distribution to his creditors in a bankruptcy proceeding, the policy behind the avoidance power is not implicated."); *Wolff v. IRS* (*In re FirstPay*), 773 F.3d 583, 589 (4th Cir. 2014) (the Trustee's avoidance power is limited to the debtor's interest in the property transferred "as only the debtor's property would have been available for distribution among creditors in the absence of the transfers"); see also *In re Bake-Line Grp., LLC*, 359 B.R. 566, 570 (Bankr. D. Del. 2007) ("A debtor may not increase its rights to property through the filing of a bankruptcy petition.").

42. Property in which a debtor only possessed legal title and not an equitable interest is not an "asset of the bankruptcy estate and could not be distributed." *In re Columbia Gas Sys., Inc.,* 997 F.2d 1039, 1054 (3d Cir. 1993); see also 11 U.S.C. § 541(b) ("Property of the estate does not include any power that the debtor may exercise solely for the benefit of an entity other than

the debtor."); 11 U.S.C. 541(d) (property of the debtor excludes "any equitable interest in such property that the debtor does not hold.").

43. A debtor has no equitable interest in funds it holds in trust for another. *In re Columbia Gas*, 997 F.2d at 1059. "Indeed, that is the classic definition of a trust—the beneficiary has an equitable interest in the trust property while legal title is vested in the trustee." Id. (citing Restatement (Second) of Trusts 2 cmt. f (1959) and 1 A. W. Scott & W.F. Fratcher, The Law of Trusts, 12.2 (4th ed. 1989)).

44. Accordingly, it is well settled that funds the debtor holds in trust are not property of the estate. *Begier*, 496 U.S. at 59 ("[b]ecause the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate'"); *In re Columbia Gas*, 997 F.2d at 1059 ("Congress clearly intended the exclusion created by section 541(d) to include not only funds held in express trust, but also funds held in constructive trust."); *T&B Scottsdale Contractors, Inc. v. United States*, 866 F.2d 1372, 1376 (11th Cir. 1989) ("The legislative history of 11 U.S.C. 541 makes it clear that funds in the debtor's possession held for a third-party do not become part of the estate in bankruptcy."); *EBS Pension L.L.C. v. Edison Bros. Stores, Inc.* (*In re Edison Bros., Inc.*), 243 B.R. 231, 235 (Bankr.D. Del. 2000) ("Thus, courts have concluded that property which a debtor holds in trust (express or constructive) for another does not become property of the estate when the debtor files for bankruptcy."); *Weiner v. A. G. Minzer Supply Corp.* (*In re UDI Corp.*), 301 B.R. 104, 110 (Bankr. D. Mass. 2003) ("Plain language found in both the House and Senate reports that accompanied passage of the Code strongly supports the exclusion of property from the estate where the debtor is only a delivery vehicle lacking any equitable interest in the property delivered.") (citations omitted).

45. Similarly, where a debtor serves as a mere conduit or disbursing agent and does not have "control" over the property at issue (like MPG), it is not property of the estate. *Lyon v. Contech Const. Prods., Inc.* (*In re Computrex, Inc.*), 403 F.3d 807, 813 (6th Cir. 2005) (dismissing preference claim where "the Debtor was merely a disbursing agent which did not exercise sufficient control and dominion over the funds for them to constitute part of its estate."); *Jenkins v. Chase Home Mortg, Corp.* (*In re Maple Mortg.*), 81 F.3d 592, 597 (5th Cir. 1996) (rejecting preference and fraudulent transfer claims where the parties' agreements made clear that debtor did not control the property, and therefore had no equitable interest in the property); *Weiner*, 301 B.R. at 114 ("In order to establish the Transfers as estate property, it was the Trustee's burden to prove not only that the Debtor had legal title to the rebate proceeds, but also that the Debtor was authorized to control their disposition.").

46. In the context of avoidance actions, "control" means the "unfettered" right to use the funds. *Jenkins*, 81 F.3d at 596 (finding that "while [the debtor] had discretion over the account itself, any presumption that it had unfettered discretion over funds at issue in the transfer was clearly rebutted" by terms in the agreement governing the transfer).

47. Debtor MPG was hired by the McLeans to perform property managerial tasks including, but not limited to, the collection of rental payments from the McLean's tenants occupying the McLean's properties.

48. MPG was compensated $85.00 a month, per property, for performing said property management tasks.

49. McLean's tenant(s) would make monthly rental payments paid to MPG.

50. MPG had a fiduciary duty to hold the collected rental monies in trust and was required to transfer said rental monies collected to the McLeans.

51.     The Trustee has not and cannot prove the Debtors owned or had an interest in the transferred property.

52.     At best, the Trustee can establish the transfer of property were being held in trust which as previously demonstrated does not create for the Debtors an equitable interest in funds it holds in trust for the McLeans.  This alone is fatal to the complaint.

### III. The Complaint Fails to Plead a Viable Cause of Action Under 740/ILCS 160

53.     To plead actual fraud under the UFTA, the plaintiff must allege that a transfer occurred with the actual intent to hinder, delay or defraud a creditor.  *Allstate v. Countrywide Financial Corporation*, 842 F. Supp.2d 1216, 1224 (N.D. Ill. 2012).

54.     According to the plaintiff's complaint, the transfers from Debtor to the McLeans are fraudulent under the UFTA because:

> 38.     *According to the Debtor's books and records, the Debtors made Transfers of at least $125,871.64 [sic] to McLean between 2013 and 2017 (Comp. ¶ 38);*
>
> 39.     *The Transferor-Debtor itself was not obligated to McLean to make these Transfers on behalf of the related entities or principals.  It therefore did not receive reasonably equivalent value for making these Transfers. (Comp. ¶ 39).*

55.     The Trustee must prove a lack of reasonably equivalent value in a constructive fraudulent transfer action. See 11 U.S.C.§ 548(a)(1)(B)(i): 740 ILCS 160/5(B)(b)(8).

56.     Each payment made to the Defendant on the tenant's behalf reduced the Debtors' obligation to the tenant by an equal amount.

57. The Debtor had a fiduciary and contractual obligation to forward collected rental monies to the Defendant.

58. The Debtor is no worse off and is in fact ahead as the Debtors received $85.00 a month, per property, to facilitate the transfers.

59. Two threshold questions in any fraudulent transfer case are whether the party seeking relief qualifies as a creditor and whether the transferor qualifies as a debtor who owes a debt to the creditor. *A.P. Properties, Inc. v. Goshinsky*, 186 Ill.2d 524, 714 N.E.2d 519, 239 Ill.Dec. 600 (1999) (requiring debtor-creditor relationship in fraudulent transfer lawsuit). *Accord Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 383 (7th Cir. 2008) ("Under Illinois law, a fraudulent transfer claim requires a debtor/creditor relationship."). *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 403 Ill.App.3d 179, 935 N.E.2d 963, 970, 343 Ill.Dec. 735 (1st Dist. 2010); *Sequel Capital, LLC v. Pearson*, No. 07-CV-2642, 2010 WL 4008161 at *11 (N.D.Ill. Oct. 13, 1010).

60. The Trustee has the burden of establishing the existence of a creditor both at the time the alleged voidable transfer was made and also on the date the Debtor filed its bankruptcy petition. *See In re Heartland Chemicals, Inc.,* 103 B.R. 1012, 1-16 (Bankr. C. D. Ill. 1989).

61. In the instant matter the Trustee fails to explain the debtor/creditor relationship in his complaint.

62. He plainly labels the Defendants as a "creditor" Comp. ¶ 24, without any explanation or specifics.

63. A claim based on fraud in fact asks the court to find that the debtor committed an actual fraud by intentionally disturbing, delaying, hindering, or defrauding any creditor. *Regan v. Ivanelli*, 246 Ill.App.3d 798, 617 N.E.2d 808, 814, 187 Ill.Dec. 351 (2d Dist. 1993); *Bowman v.*

*Dixon Theatre Renovation, Inc*., 221 Ill.App.3d 35, 581 N.E.2d 804, 807, 163 Ill.Dec. 650 (2d Dist. 1991).

64. In order to prove its case, the plaintiff must present evidence that the debtor specifically intended to disturb, delay, hinder, or defraud a creditor by the conveyance. *Regan*, supra. Accord *Tcherepnin v. Franz*, 457 F.Supp. 832, 836 (N.D.Ill. 1978).

65. Moreover, actual fraud is not presumed, but rather must be proved by clear and convincing evidence. *Hofmann v. Hofmann,* 94 Ill.2d 205, 222, 446 N.E.2d 499, 506, 68 Ill.Dec. 593 (1983).

66. The Trustee's complaint is completely devoid of facts supporting any actual or constructive fraud claim under Illinois State law and therefore Counts II and IV should be dismissed.

**IV. The Complaint Fails to Plead a Viable Cause of Action Under 11 U.S.C. § 502**

67. Count VI of the Complaint is derivative of the other counts asserted in the Complaint.

68. As previously discussed, the Trustee has failed to state a claim upon which relief can be granted with respect to Counts I, II, III, IV and V of the Complaint and because the derivative Count VI cannot stand alone, the derivative Count VI must be dismissed. *See In re Crucible Materials Corp.,* 2011 Bankr. LEXIS 2513, at *12 (counts to recover avoidable transfers and disallow claims which were derivative of dismissed preference claims, had to also be dismissed)

## CONCLUSION

69. The Trustee has failed to adequately plead his claims under counts I, II, III, IV and V.

70. The Trustee has failed to and is unable to allege the Debtor transferred any property of the Debtor's estate.

71. The Trustee has failed to adequately plead the Defendants are a creditor.

72. The Trustee has failed to adequately plead constructive and/or actual fraudulent transfers under Federal and/or Illinois State Law.

73. For the foregoing reasons, the Defendants respectfully request that this Court dismiss the Complaint and all claims and causes of actions asserted therein.

## JURY DEMAND

In the event that the Motion to Dismiss is denied, the Defendants herein demand a trial by jury.

DATED:   June 10, 2019

*/s/ Sean B. Dore*
SEAN B. DORE
6305327
DUFFIN & DORE, LLC
1900 Ravinia Place
Orland Park, IL 60462
Tel: (312) 566-0911
Fax: (312) 566-0913
sean@duffindorelaw.com
Attorney for Defendant